# MEMORANDUM

From: JohnPatrick Brown

To: Terry Frederick

Re: *People v. DeSchepper*, Rock Island County case no. 2017CF455

Date: June 23, 2023

Mr. Frederick,

I represent Deven DeSchepper in the above-noted case. Per your request, I have prepared this memorandum related to the judge's decision in this matter.

This case was a petition for post-conviction relief, which exists under Illinois law as a mechanism to make a constitutional challenge to a conviction or sentence. It is analogous to federal habeas corpus proceedings.

In addition to this charge, Mr. DeSchepper had also been facing several (mostly unrelated) misdemeanor and traffic charges. They were consolidated with the felony case, which is normal practice in Rock Island County when a person is facing one major charge and several minor charges. The idea is that the parties are working toward a global settlement, which they did here.

In this case, Mr. DeSchepper pled guilty. He forfeited his bond, which was to serve as payment for his fines. In addition, he agreed to an eight-year sentence, with a recommendation for the Impact Incarceration Program (IIP or "boot camp"). IIP is a shock incarceration program offered by the Illinois Department of Corrections, which is intended to shock the prisoners and cause them to turn their lives around. It is normally used for first-time or young offenders who might be amenable to a shock program. Admission to the boot camp program is discretionary with Illinois DOC personnel. If a prisoner successfully completes boot camp, then they are released from prison early. The sentence agreement stated that if Mr. DeSchepper was not accepted to boot camp, his sentence would be reduced to six years. Importantly, the plea agreement stated that all of the minor associated misdemeanor and traffic charges would be dismissed.

The state dismissed some of the other charges, but did not dismiss all of them. Some of the case numbers were omitted from the motion to dismiss the other charges. This became relevant because when Mr. DeSchepper initially applied for IIP, the Illinois Department of Corrections denied it because of the unresolved criminal charges. I was able to subpoena emails from the Department of Corrections showing this. This was later brought to the state's attention, and they later dismissed all of the charges. Subsequently, the Department of Corrections admitted Mr. DeSchepper to IIP. (The emails stated that now that the other charges were resolved, they wanted to reassess Mr. DeSchepper and he was admitted.) Mr. DeSchepper

successfully completed IIP. However, the state's delay in dismissing the charges caused him to serve more time than he would have if the state had properly, and promptly, dismissed all charges. (Relevantly, the state never moved to reduce Mr. DeSchepper's prison sentence to six years, as was stated in the plea agreement.)

Therefore, Mr. DeSchepper filed a motion to withdraw his guilty plea and a petition for post-conviction relief, which effectively requested the same relief. Mr. DeSchepper asked to vacate his conviction and sentence. This was on the basis that since he did not get the benefit of his bargain, the plea deal (which governed by contract law under Illinois caselaw) was breached and should be vacated.

The trial court granted the state's motion to dismiss, on the basis that Mr. DeSchepper knew that IIP admission was discretionary and the mistake made by the state was quickly rectified.

These statements are true, and I greatly respect Judge Lee's decision. Nevertheless, I disagree with the decision. Mr. DeSchepper took a plea deal on the basis that he would get boot camp and serve only a short time, and the state breached the deal. This decision by the trial court effectively provides no consequence for the state's failure to do what they were supposed to do, even though Mr. DeSchepper suffered consequences for it. I am recommending to Mr. DeSchepper that he appeals this decision, and I will file a notice of appeal if he asks me to.

Please contact me if you have questions regarding this matter, and please feel free to share this memorandum with the United States Attorney's Office or the court if you feel it appropriate. In addition, if you believe I will be of any assistance in the sentencing hearing, please contact me promptly and I will attempt to arrange for my participation. (I would request that any participation would be by videoconference as I practice in Geneseo and Moline, which would mean a three-hour or more round trip.)