E-FILED
Monday, 06 April, 2026  04:16:05 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

DEVEN LUCAS DESCHEPPER,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.

Case No. 4:21-CR-40028-JEH

**Order**

**I**

Now before the Court[1] are Petitioner Deven Deschepper's Motion under 28 U.S.C. § 2255 and subsequent amendments, including a motion to add exhibits and a new ground premised on purported marijuana rescheduling. The Government has responded that the ineffective-assistance and other claims are meritless, procedurally barred, or fail to state a cognizable basis for § 2255 relief, and further that the proposed "rescheduling" ground affords no relief. For the reasons set forth *infra*, the motions are denied, no evidentiary hearing is required, and a certificate of appealability will not be issued.

**II**

**A**

On May 6, 2021, an undercover agent purchased approximately 35 grams of marijuana from Petitioner in Moline, Illinois, observed additional marijuana in Petitioner's vehicle, and arranged a subsequent controlled purchase via Snapchat. On May 7, 2021, when agents attempted to execute search warrants, Petitioner

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

reversed his Jeep into a law-enforcement vehicle, struck a retaining wall, and an agent observed Petitioner remove a handgun from his waistband and throw it to the passenger floorboard; approximately 52 grams of marijuana fell from his lap upon exit. A search of the Jeep recovered a loaded, stolen 9mm pistol, multiple quantities of marijuana, THC products, and a scale; a search of Petitioner's residence recovered another loaded 9mm handgun concealed above a bathroom mirror, nearly $9,000 cash, ammunition, large quantities of marijuana, THC concentrates, THC vape cartridges, THC edibles, and drug paraphernalia. Post-Miranda, Petitioner admitted he was there to sell an ounce of marijuana for $250, described additional marijuana in the Jeep, acknowledged operating a "trap house," and his latent fingerprints were identified on the Canik pistol seized at the residence; Petitioner had at least two prior felony convictions at the time of the offenses.

A July 2021 indictment charged distribution of marijuana (Count 1), possession with intent to distribute marijuana and cocaine (Count 2), possession of a firearm in furtherance of a drug trafficking crime (Count 3), and felon in possession of a firearm (Count 4), and AFPD Terry Frederick was appointed. On September 21, 2022, Petitioner pled guilty pursuant to a cooperation plea agreement to Counts 2 (as to marijuana only), 3, and 4; the Government agreed to dismiss Count 1 at sentencing, the agreement contained standard appeal and collateral-attack waivers reviewed in open court, and Petitioner affirmed the factual basis and waivers under oath. Defense counsel advised that Petitioner likely qualified as a career offender but was pursuing state post-conviction relief (PCR) in Iowa and Illinois; the Court offered additional time, and sentencing was continued more than a year to allow Petitioner to litigate his PCR matters, which were ultimately denied. In the Iowa PCR proceeding, after an evidentiary hearing,

the court issued a written order denying relief and expressly finding portions of Petitioner's testimony not credible.

**B**

At sentencing on March 21, 2024, Petitioner's advisory range as a § 924(c) career offender was 262–327 months; after resolving drug-quantity issues immaterial to the range, the Court imposed a total term of 204 months—58 months below the bottom of the range—and dismissed Count 1 per the plea agreement. Petitioner affirmed on the record that counsel had made all arguments he wished to be made in mitigation.

On direct appeal, counsel filed an *Anders* brief; the Seventh Circuit granted counsel's motion to withdraw and dismissed the appeal on October 31, 2024, noting that ineffective-assistance claims should be brought on collateral review.

Petitioner timely filed his original § 2255 motion on November 3, 2025, later submitted a lengthy amended filing with exhibits, and moved again to amend on December 29, 2025, to add a new ground premised on presidential action regarding marijuana "rescheduling" and to attach additional exhibits. Among Petitioner's grounds are claims that counsel misadvised him about the availability of later resentencing if a predicate conviction were vacated, failed to seek § 851 procedures, failed to contest career-offender predicates (including an Iowa marijuana offense) under the categorical approach, allowed consideration of expunged juvenile history, failed to challenge the constitutionality of prior convictions, failed to object to Government sentencing commentary referencing the Iowa PCR credibility findings, failed to argue purported inter-circuit disparity, and sought resentencing based on putative marijuana rescheduling. Petitioner also submitted a pro se letter describing a pre-plea letter he says he sent to the U.S. Attorney's Office questioning counsel's advice on resentencing upon later vacatur of state convictions. Petitioner moved to amend to add exhibits referencing Eighth

3

Circuit authority concerning Iowa marijuana law and copies of 21 U.S.C. § 812 Schedule findings and Schedule III listings.

The Government's response details the offense facts, plea, waivers, extensive continuances to permit PCR litigation, the Iowa court's adverse credibility findings, the sentencing colloquy, the below-guidelines sentence, the direct-appeal disposition, the timeliness of the § 2255 filings, and each asserted ground's defects under *Strickland v. Washington,* 466 U.S. 668 (1984), and § 2255 standards. The Government further notes a Federal Public Defender letter acknowledging internal erroneous advice regarding the ability to use a § 2255 motion if a state predicate is later vacated, while also explaining that Petitioner's plea agreement preserves ineffective-assistance claims and that no predicate has been vacated. The Government attaches communications showing defense counsel sought notations of expungement for juvenile matters in the PSR, which were included without criminal-history points.

### III

### A

Relief under § 2255 is reserved for jurisdictional or constitutional errors, or fundamental defects resulting in a complete miscarriage of justice, and ineffective-assistance claims are analyzed under *Strickland*'s two-prong framework requiring deficient performance and prejudice.  *Reed v Farley*, 512 U.S. 339, 353-54 (1994); *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (citing *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).  In the guilty-plea context, a petitioner must show that but for counsel's errors, he would have rejected the plea and proceeded to trial, and courts look to contemporaneous evidence rather than *post hoc* assertions. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). A court may deny § 2255 claims on the prejudice prong without reaching performance where the record shows no reasonable probability of a different outcome, and conclusory or

undeveloped arguments are deemed waived. *Taylor v. Bradley,* 448 F.3d 942, 949 (7th Cir. 2006) (quoting *Strikland,* 466 U.S. at 697).

Collateral attacks on state convictions at federal sentencing are generally barred except for narrow circumstances not implicated here, *see Custis v. United States,* 511 U.S. 485, 490-497 and *Johnson v. United States,* 544 U.S. 295, 303 (2005); challenges premised on 21 U.S.C. § 851 require a filed information and are immaterial where the statutory maximum on another count or the career-offender guideline controls. An evidentiary hearing is unnecessary where the motion, files, and record conclusively show the movant is not entitled to relief. *Bruce v. United States,* 256 F.3d 592, 597 (7th Cir. 2001).

**B**

Petitioner argues counsel misadvised him that he could not later seek resentencing if a predicate conviction were vacated; that counsel allowed the plea record to be "paused" and failed to withdraw the plea; that counsel failed to seek § 851 procedures; that counsel failed to challenge the Iowa marijuana predicate under the categorical approach; that counsel allowed consideration of expunged juvenile history; that counsel failed to challenge the constitutionality of predicates; that counsel failed to object to Government commentary about the Iowa PCR credibility findings; that counsel failed to argue inter-circuit disparity; and that marijuana "rescheduling" warrants resentencing.

The Government responds that Petitioner cannot establish prejudice on the misadvice-about-resentencing claim because no predicate has been vacated; that the "paused" record claim is baseless because the full plea transcript is filed; that no § 851 information was filed and any such issue was immaterial to the sentence; that Seventh and Eighth Circuit authority forecloses the categorical approach argument; that the PSR properly included expunged juvenile information without criminal-history points and with notations; that collateral attacks on state

5

convictions were rejected in state court and are not cognizable at federal sentencing; that the Government's sentencing commentary was permissible; that any "circuit split" does not alter controlling law; and that marijuana "rescheduling" neither occurred nor affords § 2255 relief.

### 1. Alleged misadvice regarding resentencing upon future vacatur of a predicate

The record reflects a letter from the Federal Public Defender acknowledging that advising Petitioner to "assume" he could not later use § 2255 to seek resentencing upon vacatur of a predicate was erroneous, but also explaining that Petitioner's plea agreement preserved ineffective-assistance claims and that absent a vacated predicate there is no basis to alter the sentence. On *Strickland* prejudice, Petitioner identifies no vacatur of a predicate conviction; thus, he cannot show a reasonable probability of a different outcome in his case. Both state collateral attacks were denied, including after an evidentiary hearing in Iowa with express adverse credibility findings, and Petitioner announced the denials before his federal sentencing. On this record, any alleged misadvice did not prejudice Petitioner's conviction or sentence, and the contemporaneous colloquy confirms his knowing plea and waivers. At sentencing, Petitioner affirmed that counsel had made all arguments he wished to be made.

### 2. Claimed defects in the plea record and refusal to move to withdraw the plea

The full plea transcript is part of the record, and Petitioner identifies no missing portion reflecting material omissions or coercion; his assertion that the "original record" is missing is contradicted by the docketed transcript. Petitioner also fails to show a reasonable probability he would have gone to trial but for any alleged defect; his own submissions focus on sentencing exposure rather than innocence. The record does not support prejudice.

### 3.   § 851 notice and hearing

No § 851 information was filed because Petitioner's plea agreement waived the requirement, a point the Court reviewed with Petitioner at the plea hearing and that he acknowledged under oath. Even had there been an information, Petitioner shows no colorable basis to dispute his qualifying prior for Count 2, and any § 851 issue would not affect the controlling guideline range driven by § 4B1.1(c) or the statutory maximums applicable to other counts. No *Strickland* prejudice is shown.

### 4.   Career-offender predicate based on Iowa marijuana conviction

The Government's response explains that Seventh Circuit law does not require categorical alignment with the federal Controlled Substances Act for career-offender predicates, *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), and that Eighth Circuit authority holds Iowa marijuana convictions under Iowa Code § 124.401(1)(d) categorically qualify notwithstanding hemp's later legalization, *United States v. Bailey*, 37 F.4th 467, 469-70 (8th Cir. 2022). Counsel's strategic decision to forego a foreclosed argument and focus on a downward variance was professionally reasonable, and, in any event, Petitioner cannot establish a reasonable probability of a lower guideline status under controlling law.

### 5.   Juvenile history in the PSR

Probation properly included expunged juvenile information in the PSR with expungement notations and no criminal-history points, consistent with the Guidelines and Probation's practice, following defense counsel's request for notations. Petitioner shows neither deficiency nor prejudice from counsel's approach; attempting to exclude accurate information risked adverse consequences and would not have altered the applicable range.

### 6.   Challenges to the constitutionality of prior convictions

Petitioner's collateral attacks on his state convictions were denied in state court, and federal sentencing is not a forum for such attacks beyond narrow exceptions not implicated, Collateral attacks on state convictions at federal sentencing are generally barred except for narrow circumstances not implicated here, *see Custis*, 511 U.S. at 490-497 and *Johnson*, 544 U.S. at 303 (2005); counsel was not ineffective for declining to raise futile arguments. No prejudice is shown.

### 7. Government sentencing commentary regarding Iowa PCR credibility findings

The Government's sentencing remarks referenced the Iowa court's adverse credibility findings in support of its § 3553(a) position but did not seek an obstruction enhancement in light of the Defendant's career-offender status, and the Court's sentencing explanation did not rely on the Iowa remarks. Petitioner identifies no prejudice from counsel's decision not to object to the prosecutor's reference in this regard.

### 8. Inter-circuit disparity argument

Regarding Petitioner's undeveloped claim that purported circuit splits warranted a different outcome in this case notwithstanding controlling Seventh Circuit precedent, Petitioner offers no legal basis that the Court could have disregarded binding authority from its own Circuit; no prejudice is shown.

### 9. Marijuana "rescheduling"

Petitioner's motion to add a ground based on a presidential "order" rescheduling marijuana identifies no final rescheduling action and, in any event, does not present a cognizable § 2255 claim or affect his convictions or guideline status; the Government explains the argument is barred by Petitioner's waiver (not framed as IAC), is not cognizable, and would not alter his sentence. The amendment is futile.

## IV

For the foregoing reasons, Petitioner's Motion under 28 U.S.C. § 2255 and motions to amend are denied.

Additionally, the Court finds that the existing record conclusively shows that the petitioner is not entitled to relief, also rendering an evidentiary hearing unnecessary. *Bruce*, 256 F.3d at 597.

Finally, the Court finds that the petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong. Therefore, a certificate of appealability is denied. *See Slack v. McDaniel, 529 U.S. 473, 484 (2000)*. The record conclusively shows Petitioner is entitled to no relief, and no evidentiary hearing is required. A certificate of appealability is denied because Petitioner has not made a substantial showing of the denial of a constitutional right, and no reasonable jurist would debate the disposition.

This matter is terminated, and the Clerk of the Court should close the case.

*It is so ordered.*

Entered on April 6, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

9